33,336-11

MARCH 16, 2015

KENNETH RAY BROWN #334618
JAMES V. ALLRED UNIT
2101 FM 369 N
IOWA PARK, TX 76367

CLERK OFFICE
COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TX 78711

Re: TRIAL COURT NUMBER: 348455-F          EX PARTE KENNETH RAY BROWN
    WRIT NUMBER: WR-33,336-11

CLERK,

    ENCLOSED IS AN ENUMERATED MOTION TO BE FILE AND CONSIDER UNDER THE ABOVE STYLED
AND NUMBERED WRIT.

THANK YOU,

KENNETH RAY BROWN

MOTION DENIED
DATE: 6-9-15
BY: P.C.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 24 2015

Abel Acosta, Clerk

CCFILED:

ONE OF ONE PAGE

IN THE

COURT OF CRIMINAL APPEALS

EX PARTE                              §

                                      §          NO. 348455-F

KENNETH RAY BROWN,                    §
          Movant.

ENUMERATED MOTION

This motion is submitted PRO SE by KENNETH RAY BROWN herein called "BROWN or MOVANT" and this motion is presented pursuant to the Rules of Texas Courts.

This enumerated motion is directly relating to the alleged asserted proceedings and merits (law) presented in the current 11.07 writ of habeas corpus application filed under the above styled and numbered. Which 11.07 application has been recommended for dismissal by the Judge Presiding, 248th District Court of Harris County, Texas on the day of February 2, 2015.

The current submitted 11.07 application brought forth the **unequivocal** rule making it unconstitutional to try a person for a felony in a State Court unless that person had a lawyer or had validly waived one. However, in the current 11.07 application therewith **the** MEMORANDUM BRIEF IN SUPPORT and EXHIBITS OF THE OFFICIAL COURT RECORDS. Brown alleged and asserted such unequivocal rule of being prevented and/or deprived counsel representation at any <u>critical stage</u> that affects substantial rights of the criminal process is clearly the exceptional to all state's procedural bar from being applied in order to dismiss any writ. Such exceptional includes the procedural bar of TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 11.07 § 4(a) where the recommendation for dismiss of Brown's current 11.07 has been relied upon and applied. Therefore, this enumerated motion is to point-out specific facts and circumstances

1

thereto the proceedings and merits where Brown as an **indigent defendant/appellant** had been prevented and/or deprived right to appointment of counsel occurred for this HONORABLE COURT to consider in GRANTING the current 11.07 application pursuant to the VOID JUDGEMENT EXCEPTION TO THE GENERAL RULE.

However, in this enumerated motion as to the reason(s) for this motion is to determine whether the DISTRICT ATTORNEY and PRESIDING JUDGE both of Harris County, Texas intentionally or inadvertently overlooked, misplaced, disregarded, or decided to give no due respect to State and Federal law that recognizes and what constitutes a VOID JUDGMENT. Which precise void judgment, as presented in the current 11.07 is the ADJUDICATION JUDGMENT UNDER CAUSE NUMBER 10-83-095-CR. Thus, as to the Court's consideration for granting the relief sought, it must be determine whether Brown's current 11.07 application claims meets the requirements thereto the exception, or immune, or exempt from the provisions of the state's independent general rule of 11.07 § 4(a). SEE MEMORANDUM BRIEF Id. at 2-7.

## I. PROCEEDINGS TO GRANTED STATE'S PETITION FOR DISCRETIONARY REVIEW

Movant moves and urges this HONORABLE COURT OF CRIMINAL APPEALS to take the responsibility [where District Attorney and Presiding Judge failed] thereto examining the submitted EXHIBITS of the OFFICIAL COURT RECORDS attached to the memorandum brief, or the official court records that District Attorney and Presiding Judge relied upon. See State's Original Answer Id. at 2.

However, Brown asks the Court to examine (exhibits) the proceedings following, **(1)** where the State's Petition for Discretionary Review (PDR) was granted, **(2)** where the Court in its OPINION of the granted State's PDR decided to apply a NEW STATE RULE OF LAW concerning HARMLESS ERRORS, **(3)** where the Court decided to **remand** Brown's successful reversal of the trial court's conviction for reconsideration, and ordered the Tenth Court of Appeals to apply the NEW STATE RULE OF HARMLESS ERROR

2

STANDARDS under ALMANZA V. STATE,686 S.W.2d 157(TEX.CRIM.APP.1985) to Brown's contention that originally reversed the conviction, and (4) Thus, the records must be examine where the District Attorney and Presiding Judge failed to acknowledge, or consider that the NEW STATE RULE under ALMANZA came into existence 21 months after Brown's APPELLANT'S BRIEF filed on direct appeal; and rule came into existence several months after the initial reversal of trial court's conviction by the Tenth of Appeals. SEE ALL EXHIBITS AND MEMORANDUM BRIEF Id. at 7-11 and 14-18.

## II. MERITS (LAW) TO THE ABOVE STATED PROCEEDINGS

Movant moves and urges this HONORABLE COURT OF CRIMINAL APPEALS to consider the above facts and circumstances to the stated proceedings as to the merits (law) where District Attorney and Presiding Judge failed to examine thoroughly the Submitted EXHIBITS of court records and/or disregarded violations of constitutional rights that contributed (inception) and/or violations that constitutes a VOID JUDGMENT as presented in ground two of the 11.07 application as to (1) NO NOTICE were sent to the parties and state attorney that a PDR had been granted pursuant to T.R.A.P. 69.4(b), (2) NO COUNSEL APPOINTED for Brown to advise him of the consequences thereto the granted PDR. Which granted PDR reinstated the conviction and innocence. SEE TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(2), and (3) NO BRIEF RESUBMITTED on Brown's behalf nor State as to complying with T.R.A.P. 70.1, 70.2 and 70.3, Also see the MEMORANDUM BRIEF Id. at 7-11 and 18-21.

## III. PROCEEDINGS FOLLOWING REMAND BY COURT OF CRIMINAL APPEALS

Movant moves and urges this HONORABLE COURT OF CRIMINAL APPEALS to take the responsibility [where the District Attorney and Presiding Judge failed] thereto examining the submitted EXHIBITS of the official court records attached to the memorandum brief. Brown asks the Court to examine the proceedings following (1)where the court of criminal appeals decided to remand Brown's successful reversal of the trial court's conviction for reconsideration, and (2) where the Tenth Court of

3

Appeals following remand for reconsideration applied to Brown's contention that originally reversed the conviction; the NEW STATE RULE OF LAW FOR HARMLESS ERROR STANDARDS pursunat to <u>ALMANZA</u>. Thereby the Court affirmed the trial court's conviction.

## IV. MERITS (LAW) TO THE ABOVE STATED PROCEEDINGS

Movant moves and urges this HONORABLE COURT to consider the above facts and circumstances to the stated proceedings as to the merits (law) where the District Attorney and Presiding Judge failed to <u>examine thoroughly</u> the submitted EXHIBITS of court records and/or disregarded violation of constitutional rights and/or violations that constitutes a VOID JUDGMENT as presented in ground three of the 11.07 application as to **(1) where** following the **remand** by the Court of Criminal Appeals the <u>direct appeal</u> had now by state law been **reinstated** to the first level of the direct appeal. SEE THE MANY RULINGS BY THE COURT OF CRIMINAL APPEALS UNDER EX PARTE LOPEZ,763 S.W.2d 427; ROBINSON V. STATE,790 S.W.2d 334; WILLAMS V. STATE, 790 S.W.2d 337; THEUS V. STATE,863 S.W.2d 489; JENNINGS V. STATE890 S.W.2d 809; OLIVER V. STATE,891 S.W.2d 651; JESUS RELCH-BACOT V. STATE,952 S.W.2d 542 AND HUFF V. STATE,807 S.W.2d 325. ALSO SEE MEMORANDUM BRIEF Id. at 11-14 and 18-24. **And (2)** where following Brown's failure to submitted brief within 30 days following the remand **NO NOTICE** were sent to the parties nor the 248th District Court (trial court) of this failure to submitted brief. SEE T.R.A.P. 38.8(b)(1)(2)(3) and (4), and **(3)** where **NO COUNSEL APPOINTED** for Brown following remand, and where the court records reflects Tenth Court of Appeals made an argument for the State in order to apply ALMANZE and affirmed the adjudication judgment under cause number 10-83-095-CR. SEE TEX.CODE CRIM.PROC.ANN. art. 1.051(d)(1) and 1.051(c) and 44.02 which grants right to appeal the trial court's conviction; ALSO SEE T.R.A.P. RULES 38.1(h) and 38.2(a)(1) which requires that the parties advance their argument. Also See MEMORANDUM BRIEF Id. at 23.

4

## V. QUESTIONS OF LAW THERETO A VOID JUDGMENT

Throughout this motion and Brown's current 11.07 application, the QUESTIONS OF LAW clearly are **(1)** whether counsel should have been appointed for the Appellate Proceedings that actually decided Brown's **fate** as presented in the 11.07 habeas corpus. See grounds 2, 3, 4 and 5. **(2)** Whether the failures by State-Courts to appoint Brown counsel as presented in the habeas corpus ground 6 created a JURISDICTIONAL DEFECT, and **(3)** whether the District Attorney's and Presiding Judge's recommendation for dismiss of the 11.07 habeas corpus pursuant to the provisions of 11.07 § 4(a) is the proper cure for justice, without first addressing the issues pursuant to the VOID JUDGMENT EXCEPTION TO THE GENERAL RULE? SEE GROUND ONE.

## VI. STATE AND FEDERAL LAW VIOLATIONS THAT CREATES A VOID JUDGMENT

This enumerated motion, same as the 11.07 application set forth ADVERSARY JUDICIAL PROCEEDINGS that this HONORABLE COURT OF CRIMINAL APPEALS long-ago agreed with federal law thereto the UNITED STATES CONSTITUTION pursuant to the SIXTH AMENDMENT that any proceedings, or adversary judicial proceedings that may result in punishment by confinement, the indigent defendant/appellant must be afforded appointment of counsel for the defense. SEE GIDEON V. WAINWRIGHT,372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799(1963) AND UNITED STATES V. CRONIC,466 U.S. 684, 653, 104 S.Ct. 2039, 2043 80 L.Ed.2d 657(1984).

This HONORABLE COURT in its countless rulings have <u>always</u> <u>reversed</u> <u>a</u> <u>judgment</u> as to ruling in accordance with FEDERAL LAW pursuant to the SIXTH AMENDMENT and the UNITED STATES SUPREME COURT'S holdings under <u>GIDEON</u> and <u>CRONIC</u> where the records reflects [AS IN BROWN'S CAUSE] the indigent defendant/appellant was without counsel at a critical stage of the criminal process that affects substantial rights.

This HONORABLE COURT also have <u>always</u> <u>reversed</u> <u>a</u> <u>judgment</u> **in violations of State law** that protects, provides and ensures the indigent defendant/appellant with the

5

provisions of the SIXTH AMENDMENT RIGHT TO COUNSEL REPRESENTATION. See State Law TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 1.051(d)(1)(2) and 1.051(c).

## VII. VIOLATIONS OF AN ADVERSARY JUDICIAL PROCEEDING WITHIN ITSELF THAT CONSTITUTES A VOID JUDGMENT

THIS ENUMERATED MOTION, SAME AS THE 11.07 APPLICATION CONCERNS PROCEEDINGS AND MERITS (LAW) THAT WOULD RENDER THE ADJUDICATION JUDGMENT UNDER CAUSE NUMBER 10-83-095-CR A VOID JUDGMENT AS TO (1) WHERE THE STATE'S PDR WAS GRANTED IN ORDER TO APPLY THE NEW STATE LAW OF HARMLESS ERROR STANDARDS PURSUANT TO ALMANZA V. STATE,686 S.W.2d 157 (TEX.CRIM.APP.1985). SUCH NEW STATE LAW AT THE TIME, CLEARLY WAS A NEW PROCEEDING IN THE APPELLATE COURT. WHICH WAS INTRODUCE TO BROWN'S DIRECT APPEAL FOLLOWING THE GRANTING OF THE STATE'S PDR. SUCH ADVERSARY PROCEEDING IN THE COURT OF CRIMINAL APPEALS CLEARLY WOULD ENTITLE BROWN APPOINTMENT OF COUNSEL, (2) WHERE BROWN'S CASE AS TO THE SUCCESSFUL DIRECT APPEAL WAS REMANDED BY THE COURT OF CRIMINAL APPEALS IN ORDER TO APPLY ALMANZA PROVISIONS TO THE CASE. SUCH ADVERSARY PROCEEDING AS TO APPLYING THE NEW STATE RULE TO BROWN'S CAUSE, CLEARLY ENTITLE HIM TO APPOINTMENT OF COUNSEL IN ORDER TO ADVISE HIM AS TO FILING BRIEF OR ORAL ARGUE ON HIS BEHALF BEFORE THE TENTH COURT APPLIED THE NEW RULE AND DEPRIVED BROWN OF HIS LIBERTY. SEE ALL EXHIBITS AND ALL GROUND OF ERRORS PRESENTED IN THE MEMORANDUM.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Brown/Movant prays this HONORABLE COURT OF CRIMINAL APPEALS would consider this ENUMERATED MOTION as to all the pointed out facts, circumstances therewith state and federal law where all stated herein clearly constitutes a VOID JUDGMENT. Brown prays this HONORABLE COURT would examine the OFFICIAL COURT RECORDS to determine whether Brown was prevented, deprived and/or without the benefit of counsel at all proceeding following the STATE'S REQUESTED AND GRANTED PETITION FOR DISCRETIONARY REVIEW. Brown prays this HONORABLE COURT

6

would granted the relief sought in the current 11.07 habeas corpus filed under number 348455-F for reasons the ADJUDICATION JUDGMENT under cause number 10-83-095-CR is a VOID JUDGMENT for it was rendered in violation(s) of the UNITED STATES CONSTUTITION SIXTH AMENDMENT RIGHT TO COUNSEL REPRESENTATION. Thereby such ruling any previous filed 11.07 habeas corpus to the void adjudication judgment also is void.

Respectfully submitted,

KENNETH RAY BROWN #334618
JAMES V. ALLRED UNIT
2101 FM 369 N
IOWA PARK, TX 76367

Service has been accomplished by sending a copy of this motion to the following address:

DISTRICT ATTORNEY OFFICE
HARRIS COUNTY, TEXAS
1201 FRANKLIN, SUITE 600
HOUSTON, TEXAS 77002

SIGNED this 17th day of March, 2015

KENNETH RAY BROWN

CCFILED:

7